## Seiple Estate

*Wallace M. Keely,* for accountant.

TAXIS, P. J., January 30, 1956.—The first and final account of The Philadelphia National Bank, successor by merger to The Montgomery National Bank of Norristown, testamentary trustee for Margie Alma Seiple, was examined and audited by the court on January 3, 1956.

The reason or purpose of the filing of the account now before the court is the death of Margie Alma Seiple, the life beneficiary. She died on August 3, 1955. The account shows a balance of principal of the trust for distribution of $25,436.87, which is composed of the shares of stock set forth on page two totaling $25,161.14, and cash, and a balance of income for distribution of $169.54. The accountant requested and is allowed an additional credit of $4.50, for additional costs paid for filing the account and adjudication.

In the petition for adjudication, the accountant requests permission to combine the present trust with the trust of the residuary estate.

Section 992 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.992, provides:

*"Combination of trusts,* Whenever the trust instrument provides for the creation of separate trusts, the court, for cause shown and with the consent of all

parties in interest, may authorize the trusts to be combined."

Both of these trusts provide for the same purposes during the lifetime of the present life beneficiary and after his death, except that the residuary trust contains an additional provision permitting the trustee to expend principal for the maintenance and comfort of the present life beneficiary, testatrix's brother, Howell L. Seiple.

The purpose of the trustee, in seeking a combination of the trusts, I assume to be to facilitate their administration, but it is difficult to understand how a better administration may be accomplished where the principal of one fund is to be subject to being diminished by payments to the life beneficiary and the principal of the other fund is not subject to such diminution. Because of this variation in the provisions of the two trusts, I am of the opinion, and so hold, that the trusts should not be combined, and the request for permission to combine them is refused.

The act of assembly also requires the consent of all parties in interest before the court can combine trusts under the section above quoted. In the present case, the remainder legatees are the issue of the life tenant who may be living at his death. At present he has two children, but whether they will be the persons who will be entitled to the remainder at his death cannot be known now. The consents of these two daughters do not appear of record, although I do not doubt that they would be willing to consent if requested.

The net ascertained balance of principal for distribution is awarded back to the accountant for the uses and purposes of the trust, and the balance of income is awarded to Howell L. Seiple. The account is confirmed, and it is ordered and decreed that The Philadelphia National Bank, successor by merger to The Montgomery National Bank of Norristown, testa-

mentary trustee, as aforesaid, forthwith pay the distributions herein awarded. Power and authority are given the accountant to make all necessary transfers of the shares of stock herein awarded in kind.

And now, January 30, 1956, this adjudication is confirmed nisi.